UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNELIUS PAUL BARTHELEMY-BEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12671** |
| **STATE OF LOUISIANA** | **SECTION "M"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915, and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual and Procedural Background**

The plaintiff, Cornelius Paul Barthelemy-Bey, is a convicted inmate housed in the Allen Correctional Center ("ACC") in Kinder, Louisiana.[1] Berthelemy-Bey filed this *pro se* and *in forma pauperis* complaint against the State of Louisiana alleging that, as an incarcerated state prisoner, he is a "black political hostage" who has been "kidnapped," subjected to "involuntary servitude," and treated as "chattel property" in contravention of his rights as an "African Moor," which is his "true nationality."[2] He seeks monetary damages and restoration of his nationality.

**II.   Standards for Frivolousness Review**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a

---

[1] Rec. Doc. No. 1.

[2] *Id.*

determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.  Discussion

Berthelemy-Bey has improperly named the State of Louisiana as the sole defendant in this case. However, the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst St. Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Seminole*

*Tribe v. Florida*, 517 U.S. 44, 53-54 (1996); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). The State of Louisiana has not done so.

To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "[n]o suit against the state or a state agency ... shall be instituted in any court other than a Louisiana state court." Without a waiver, the Court is without jurisdiction to hear Barthelemy-Bey's claims for monetary relief against the State of Louisiana. *See Warnock v. Pecos Cty., Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).

In addition, even beyond Eleventh Amendment immunity, Barthelemy-Bey's claims also are frivolous because the claims are based on a "sovereign citizen" theory, which is an indisputably meritless legal theory. "The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." *United States v. Weast*, 811 F.3d 742, 746 n.5 (5th Cir. 2016); *see also Gravatt v. United States*, 100 Fed. Cl. 279, 282-83 (Ct. Cl. 2011) (explaining the "sovereign citizen" belief system); *El Ameen Bey v. Stumpf*, 825 F. Supp.2d 537 (D.N.J. 2011) (explaining the myth of the "Moorish Movement" and other similar fictions such as "sovereign citizens" and their motives). It has been repeatedly held that "[s]overeign-citizen legal arguments ... are indisputably meritless." *Westfall v. Davis*, No. 18-0023, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *adopted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018); *accord United States v. Austin*, No. 13-CR-194, 2018 WL 6326435 (E.D. La. Dec. 12, 2018); *LaVergne v. USA*, No. 18-238, 2018 WL 2760336, at *2 (W.D. La. Mar. 13, 2018), *adopted*, 2018 WL 2747058 (W.D. La. June 7, 2018) ("Courts routinely dismiss sovereign citizen claims as frivolous or otherwise lacking

merit."); *El v. Louisiana*, No. 16-2125, 2017 WL 1969552, at *3 (E.D. La. May 12, 2017); *Mason v. Anderson*, No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016).

For these reasons, Barthelemy-Bey's complaint is asserted against an immune defendant and otherwise is frivolous and fails to state a claim for which relief can be granted. His complaint should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A.

## IV.  Recommendation

It is therefore **RECOMMENDED** that Barthelemy-Bey's complaint under 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915 and § 1915A because it has been brought against an immune defendant and otherwise is frivolous and fails to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 1st day of October, 2019.

_____
KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.