UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CORNELIUS PAUL BARTHELEMY-BEY                    CIVIL ACTION

VERSUS                                            NO. 19-12671

STATE OF LOUISIANA                                SECTION M (4)

# **O R D E R**

Before the Court is a motion for reconsideration filed by *pro se* plaintiff Cornelius Paul Barthelemy-Bey.[1] Having considered Barthelemy-Bey's motion, the record, and the applicable law, the Court grants the motion.

Barthelemy-Bey urges the Court to reconsider its October 23, 2019 Order, which adopted the report and recommendation of the magistrate judge as its opinion in this matter,[2] and dismissed the captioned matter with prejudice. Barthelemy-Bey points the Court to his voluntary dismissal of the case without prejudice,[3] which was filed before the Court issued its October 23, 2019 Order,[4] and argues that in accordance with the Federal Rules of Civil Procedure, he timely withdrew the case, and therefore, the matter should have been dismissed without prejudice.[5]

---

[1] R. Doc. 9.

[2] R. Doc. 6.

[3] R. Doc. 5. Barthelemy-Bey's filing (which is entitled "Truth Affidavit of Dismissal") was also docketed as an objection to the magistrate judge's report and recommendation, and it was consequently considered by the Court as such in issuing the October 23, 2019 Order. *See* R. Doc. 6.

[4] Barthelemy-Bey also states that his notice of dismissal was filed before the magistrate judge filed the report and recommendation into the record, but this is incorrect. The report and recommendation was filed on October 1, 2019. R. Doc. 4. Barthelemy-Bey's filing was signed on October 12, 2019, mailed from Allen Correctional Center on October 15, 2019, and docketed by the clerk on October 17, 2019. R. Doc. 6. As a prisoner proceeding *pro se*, Barthelemy-Bey's pleading is deemed to have been filed on the date that he submits the pleading to prison authorities for mailing, so long as he completed everything within his control to deliver the pleading to the court (the prisoner mailbox rule). *Brown v. Taylor*, 559 F. App'x 212, 213 (5th Cir. 2014); *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009). As such, Barthelemy-Bey's notice of dismissal would likely be deemed to have been filed sometime between October 12, 2019, and October 15, 2019, but certainly not earlier than October 1, 2019.

[5] R. Doc. 9. Barthelemy-Bey also asserts that because of his voluntary dismissal, "funds should not have been taken from his account." *Id.* A Rule 41 dismissal has no bearing, however, on an obligation to pay a filing fee, including an obligation on the part of a prisoner, such as Barthelemy-Bey, proceeding *in forma pauperis*. *Hatchet v.*

The Court has reviewed the pleadings and the report of the magistrate judge, and maintains that the report is correct,[6] but the Court understands that Barthelemy-Bey voluntarily dismissed his suit in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(i) before the Court issued its ruling. *See Matthews v. City of Tyler*, 2016 WL 633943, at *1 (E.D. Tex. Feb. 16, 2016) (citing *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)) (granting a *pro se* prisoner plaintiff's motion to dismiss the matter, despite that the motion was filed together with his objection to the magistrate judge's report and recommendation, which the court found to be correct). As long as the conditions established in Rule 41(a)(1) exist, a plaintiff has an "absolute right to dismiss a lawsuit." *Thomas v. Phillips*, 83 F. App'x 661, 662 (5th Cir. 2003) (citations omitted). Although Barthelemy-Bey's filing was less than clear, as a *pro se* litigant, it is not crucial that he have correctly cited Rule 41's provisions, and he has satisfied the conditions in Rule 41(a)(1). *See id.* Defendant, the State of Louisiana, has not filed an answer or a motion for summary judgment, and the Court could not find any indication in the record or otherwise that Barthelemey-Bey has previously dismissed any other suit, in federal or state court, involving any claim involved in this suit. Nor does the record suggest that any of the exceptions to Rule 41(a)(1) apply: this is neither a class action under Federal Rule of Civil Procedure 23 nor a case involving a receiver as referenced in Federal Rule of Civil Procedure 66. *See Thomas*, 83 F. App'x at 662. Furthermore, "the right to dismiss under Rule 41(a)(1)(A)(i) is not extinguished by the reference of an action to a Magistrate Judge, even when the Magistrate Judge has previously recommended a dismissal on the merits at the time a plaintiff seeks to voluntarily dismiss." *Harker v. Ocwen Loan Servicing,*

---

*Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

[6] The magistrate judge correctly found Barthelemy-Bey's complaint under 42 U.S.C. § 1983 frivolous on two grounds: (1) the complaint was filed against the State of Louisiana, which is immune from suits for damages under the Eleventh Amendment; and (2) Barthelemy-Bey's claims were based on a meritless "sovereign citizen" theory. R. Doc. 4.

*LLC*, 2016 WL 1046197, at *2 (E.D. Tex. Mar. 16, 2016) (collecting cases).

Finally, the Court echoes a sister court's words of caution:

> While [Barthelemy-Bey] is procedurally entitled to dismissal of his suit without prejudice, the Court, however, notes that this Court possesses the inherent power "to protect the efficient and orderly administration of justice and … to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

*Harker*, 2016 WL 1046197, at *2. Having already wasted judicial resources, Barthelemy-Bey is warned that any further abuse of the litigation process could result in sanctions, including monetary sanctions, and the prohibition of filing any future cases in this District except by leave of Court. *See id.*

Accordingly, for the foregoing reasons,

IT IS ORDERED that Barthelemy-Bey's motion for reconsideration (R. Doc. 9) is GRANTED.

IT IS FURTHER ORDERED that the Court's October 23, 2019 Order adopting the magistrate judge's report and recommendation (R. Doc. 6) and its judgment (R. Doc. 7) are VACATED.

IT IS FURTHER ORDERED that Cornelius Paul Barthelemy-Bey's 42 U.S.C. § 1983 complaint is DISMISSED WITHOUT PREJUDICE pursuant to his notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

New Orleans, Louisiana, this 11th day of February, 2020.

                                                        _____
                                                        BARRY W. ASHE
                                                        UNITED STATES DISTRICT JUDGE